**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIDEL L. REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, et al.,<br><br>    Defendants. | Case No. 8:20-cv-01345-JFW-AFM<br><br>**ORDER DISMISSING COMPLAINT** |

Plaintiff presently is a state prisoner at the California Correctional Institution at Tehachapi, California. Proceeding *pro se*, he paid the full filing fee in this civil rights case purportedly brought under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court has screened the pleading to determine whether plaintiff's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A requires the Court to screen any "complaint in a civil action" if, at the time the plaintiff files the complaint, he or she is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also Olivas v. Nev. ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017).

Here, plaintiff seeks relief from an unspecified "judge" in Orange County Superior Court[1]; unspecified "District Attorneys" in Orange County, and unspecified "investigators." (ECF No. 1 at 2.) Plaintiff alleges numerous violations, primarily pertaining to his arrest, a forced confession, evidentiary errors at trial, and prosecutorial misconduct. Plaintiff alleges that he suffered "false imprisonment" (*id.* at 3-5) and a wrongful conviction (*id.* at 4) and that he is in prison for a crime that he "did not commit" (*id.* at 5). Plaintiff also alleges that he received a "life sentence" on a "third strike," but he never suffered a first or second "strike." (*Id.* at 3.) Plaintiff seeks monetary damages and to "challenge" defendants for his wrongful conviction. (*Id.* at 6.)

Plaintiff may not challenge an allegedly unlawful conviction in a federal civil rights action. Because he is attacking the fact of his conviction and duration of his sentence, plaintiff's claims must be raised in a petition for writ of habeas corpus. A petition for habeas corpus is a prisoner's sole judicial remedy when "attacking the validity of the fact or length of … confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) (*en banc*) (the Supreme Court has held "that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas and that such claims may not be brought under § 1983"). In addition, to the extent plaintiff is attempting to seek monetary damages for an allegedly unlawful conviction where success would necessarily implicate the fact or duration of his confinement, his claims are not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[1] A judicial defendant is absolutely immune from federal civil rights suits for acts performed in his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996).

question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). According to the Complaint, he has not done that.

Accordingly, the Complaint fails to state a federal civil rights claim, and a habeas petition is the proper vehicle for challenging an allegedly unlawful conviction. IT IS THEREFORE ORDERED that this action is dismissed without prejudice and that Judgment be entered accordingly.

DATED: July 29, 2020

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE